GORDON E. R. TROY, PC
Gordon E. R. Troy
5203 Shelburne Road
Shelburne, VT 05482
(802) 881-0647 Phone
(646) 588-1962 Fax
**gtroy@webtm.com** E-mail

*Attorney for Plaintiff Revise Clothing, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Revise Clothing, Inc.<br><br>                              Plaintiff,<br><br>          - against -<br><br>Cels Enterprises, Inc.,<br><br>                              Defendant. | **Case No. :** _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK, NON-DILUTION, NO UNFAIR COMPETITION, NO DECEPTIVE OR FALSE ADVERTISING, AND FOR A PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

Plaintiff Revise Clothing, Inc. ("Revise Clothing"), through its attorneys, complaining of Defendant Cels Enterprises, Inc. ("Cels Enterprises"), alleges as follows:

**STATEMENT OF THE CASE**

1.      This is an action for injunctive and declaratory relief under the Lanham Act and common law based on the demand by Cels Enterprises that Revise Clothing immediately cease and desist using the mark HIPPIE LAUNDRY in connection with footwear. Revise Clothing is the

owner of the registered mark, HIPPIE LAUNDRY, for "Capri pants; capris; crop pants; denim jackets; denims; jackets; jeans; knit bottoms; knit jackets; knit shirts; knit skirts; knit tops; pants; polo knit tops; shirts; shorts; skirts; skorts; tops; woven bottoms; woven skirts; woven tops" in international class 25, and its use on footwear is a natural expansion of that mark. The HIPPIE LAUNDRY mark has been in uninterrupted use commerce since December 1, 2012.

2. Cels Enterprises is the owner, or exclusive licensee, of registered marks for CHINESE LAUNDRY AND DIRTY LAUNDRY for "shoes" and "footwear," respectively, and alleges that Revise Clothing's use of HIPPIE LAUNDRY would infringe on Plaintiff's marks. Revise Clothing is in reasonable apprehension of an immediate and imminent lawsuit by Cels Enterprises, which lawsuit would cause Revise Clothing not only a monetary loss, but also a substantial loss of good will, including incalculable damage to its relationship with one of its customers, Bon Ton Stores, to which Revise Clothing has sold approximately 60,000 pairs of shoes bearing the HIPPIE LAUNDRY mark.

## THE PARTIES

3. Plaintiff Revise Clothing, Inc. is a New Jersey corporation organized and existing under the laws of the State of New Jersey, with offices at 20 Henry Street, Teterboro, New Jersey 07608. Plaintiff is authorized to do business in New York State and maintains a showroom in New York City.

4. Upon information and belief, Defendant Cels Enterprises, Inc. (hereinafter sometimes referred to as "Cels") is a corporation organized and existing under the laws of the State of New York.

5. As reflected in the online records for the New York State Department of State, Division of Corporations, Cels' address for service of process is Shelby Goldgarb Bass & Lemer, LLP, 836 Hempstead Ave., West Hempstead, New York 11552.

6. Upon information and belief, Defendant Cels generally and regularly transacts business in the Southern District of New York, including but not limited to distributing its goods to Macy's and Nordstrom Rack for sale in the Southern District of New York.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 2201, in that this case arises under the trademark laws of the United States and the Federal Declaratory Judgment Act.

8. This Court has personal jurisdiction over the Defendant, which is a New York corporation.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (d) because Defendant Cels is a New York corporation with substantial contacts with this judicial district and/or a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff is the record owner of the standard character trademark, HIPPIE LAUNDRY, U.S. Reg. No. 4419624, for "Capri pants; capris; crop pants; denim jackets; denims; jackets; jeans; knit bottoms; knit jackets; knit shirts; knit skirts; knit tops; pants; polo knit tops;

shirts; shorts; skirts; skorts; tops; woven bottoms; woven skirts; woven tops" in international class 25, registered on October 15, 2013, with a date of first use of December 1, 2012.

11.     Since December 1, 2012, Plaintiff has marketed and sold clothing for girls and women under the HIPPIE LAUNDRY mark, primarily through Bon-Ton department stores ("Bon Ton").

12.     Upon information and belief, Bon-Ton is a large regional department store chain in the United States, with 267 locations in 26 states.

13.     Revise Clothing's wholesale sales under its HIPPIE LAUNDRY mark since 2014 have exceeded ten million dollars ($10,000,000.00).

14.     On April 26, 2017, Plaintiff filed an intent-to-use application for the standard character mark, HIPPIE LAUNDRY, Application No. 87425677, for "boots, footwear, sandals, shoes, sneakers" in international class 25.

15.     In or around April 2017, Bon Ton placed an order with Revise Clothing for 47,000 pairs of shoes bearing the HIPPIE LAUNDRY mark. The shoes, which are being manufactured overseas, will arrive in the United States imminently for shipment to Bon Ton stores.

16.     Upon information and belief, Cels Enterprises is exclusive licensee of the following registered marks:

> a.  the standard character mark, CHINESE LAUNDRY, U.S. Reg. No. 1861027, for "shoes" in international class 25, registered on November 1, 1994; and
>
> b.  the standard character mark, DIRTY LAUNDRY, U.S. Reg. No. 4117028, for "footwear" in international class 25, registered on March 27, 2012.

17. On May 11, 2017, shortly after learning of Plaintiff's '677 Application, general counsel for Cels Enterprises sent an email to counsel for Revise Clothing demanding that Revise Clothing withdraw its application and "agree not to use the mark" on shoes. The May 11th email also alleged that "as a result of the long term continuous use in commerce of these marks, [CHINESE LAUNDRY and DIRTY LAUNDRY] are renowned and famous marks."

18. Following an exchange of emails and a telephone conversation between counsel for the parties, on June 20, 2017, Cels Enterprises' general counsel Revise Clothing's counsel an email stating that "We can either file a lawsuit to enjoin the sale of your client's footwear, or you we [sic] can work out a license arrangement. Let me if [sic] your client has interest in the latter. If not, or if I don't hear from you by this time next week, we'll engage litigation counsel."

19. The threat by Cels Enterprises places Plaintiff in reasonable apprehension of an imminent lawsuit, which would cause not only a substantial financial loss both to Plaintiff and Bon-Ton, its customer, but also would cause irreparable harm both to Plaintiff's relationship with Bon Ton and its reputation in general.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Trademark Non-Infringement**

20. Revise Clothing realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 19**Error! Reference source not found.** of this Complaint.

21. CHINESE LAUNDRY and DIRTY LAUNDRY are relatively weak marks, given the widespread use of "LAUNDRY" marks in the apparel industry, many of which include footwear. Consequently, these marks are accorded a narrow range of protection.

22. HIPPIE LAUNDRY is phonetically and visually different from either CHINESE LAUNDRY or DIRTY LAUNDRY and gives a completely different commercial impression.

23. HIPPIE LAUNDRY shoes will be sold in a special section of Bon Ton stores with signage indicating "Hippie Laundry," as shown below.



24. Upon information and belief, HIPPIE LAUNDRY shoes will sell in different trade channels from CHINESE LAUNDRY and DIRTY LAUNDRY shoes and footwear.

25. When Revise Clothing adopted its HIPPIE LAUNDRY mark, it did so in good faith without any intention to create an association with CHINESE LAUNDRY or DIRTY LAUNDRY.

26. Upon information and belief, Defendant's shoes are not sold in Bon Ton stores.

27. Upon information and belief, Plaintiff operates and maintains two branded CHINESE LAUNDRY stores in Las Vegas and the website, www.chineselaundry.com, through which it sells both CHINESE LAUNDRY and DIRTY LAUNDRY shoes and footwear.

28. Upon information and belief, Plaintiff also sells its CHINESE LAUNDRY and DIRTY LAUNDRY shoes and footwear in Macy's and Nordstrom and Nordstrom Rack.

29. According to the www.chineselaundry.com "About Us" page, the brands associated with Defendant are CHINESE LAUNDRY, KRISTIN CAVALLARI BY CHINESE LAUNDRY, CL BY LAUNDRY, and DIRTY LAUNDRY.

30. Consumers encountering HIPPIE LAUNDRY shoes in the marketplace would not be confused as to sponsorship, affiliation or connection to CHINESE LAUNDRY or DIRTY LAUNDRY, and would not associated HIPPIE LAUNDRY with CHINESE LAUNDRY and its variations, or DIRTY LAUNDRY.

31. Accordingly, Revise Clothing is entitled to a judgment in its favor that HIPPIE LAUNDRY does not infringe on CHINESE LAUNDRY or DIRTY LAUNDRY.

## SECOND CAUSE OF ACTION
### Declaratory Judgment of No Trademark Dilution or Tarnishment

32. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33. CHINESE LAUNDRY and DIRTY LAUNDRY are not famous marks as that term is understood in trademark law, 15 U.S.C. § 1125(c)(2).

34. Even if CHINESE LAUNDRY and DIRTY LAUNDRY were famous marks, Revise Clothing's extension of its HIPPIE LAUNDRY apparel mark to HIPPIE LAUNDRY shoes is not likely to cause dilution by blurring or dilution by tarnishment.

35. Accordingly, Revise Clothing is entitled to a judgment that its use of HIPPIE LAUNDRY is not likely to cause dilution by blurring or dilution by tarnishment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Revise Clothing and against Cels Enterprises as follows:

(a)     Entering a preliminary and permanent injunction against Defendant from engaging In any act or omission intended to interfere with the importation and sale of HIPPIE LAUNDRY shoes, including but not limited to seeking an injunction against Revise Clothing or Bon Ton stores in another court or assisting the trademark owner in doing so;

(b)     Awarding Revise Clothing its costs, expenses and attorneys' fees incurred with respect to this action;

(c)     Awarding such other and further relief as to the Court seems just, proper and equitable.

Dated: July 11, 2017

        Respectfully submitted:
        GORDON E. R. TROY, PC

           /Gordon E. R. Troy, Esq./
        By: _____
          Gordon E. R. Troy
          5203 Shelburne Road
          Shelburne, VT 05482
          (802) 881-0647 Phone
          (646) 588-1962 Fax
          gtroy@webtm.com Email
          Bar #: GT3737
        *Attorney for Plaintiff,* Revise Clothing, Inc.